WEIMER, Justice.
| ,We granted certiorari in this case to determine whether La. R.S. 14:100.13, which punishes as a felony the operation of a motor vehicle by an alien student or nonresident alien without documentation demonstrating lawful presence in the United States, is preempted by federal law under the Supreme Court’s recent decision in Arizona v. United States, — U.S.-, 132 S.Ct. 2492, 183 L.Ed.2d 351 (2012). Finding that- the statute operates in the field of alien registration and is, therefore, preempted by federal law under the Supremacy Clause of the U.S. Constitution as interpreted by the Supreme Court in Arizona, we reverse the rulings of the lower courts and render judgment granting the defendant’s motion to quash.
FACTS AND PROCEDURAL HISTORY
On May 8, 2012, defendant Rosa Lugo Marquez was charged by bill of information with being an alien student and/or a nonresident alien who operated a motor vehicle in the parish of Lafayette without documentation demonstrating that she is lawfully present in the United States, a violation of La. R.S. 14:100.13. 12According to defendant, the charge stems from her involvement in an automobile accident in Lafayette Parish on December 17, 2011. On July 27, 2012, defendant filed a motion to quash the bill of information in which she contended that La. R.S. 14:100.13 is preempted by federal law. Following a hearing on September 13, 2012, the district court denied the motion to quash, finding that because the Louisiana law addresses driving requirements and the law found to be preempted in Arizona “has nothing to do with driving,” La. R.S. 14:100.13 was not preempted.
The defendant applied for review to the Court of Appeal, Third Circuit. In a ruling issued January 7, 2013, the court of appeal denied the defendant’s writ application, finding “no error” in the district court’s ruling. State v. Marquez, 12-1316 (La.App. 3 Cir. 1/7/13) (unpub’d.). One member of the appellate panel, Judge Gremillion, dissented, noting that he would have called up the writ for argument. Id.
On defendant’s application, we granted certiorari[1] and consolidated this case for argument with two additional cases from the Third Circuit, which are decided in separate opinions issued contemporaneously with this matter. State v. Ramirez, 12-1245 (La.App. 3 Cir. 1/7/13) (unpub’d.), writ granted, 13-0276 (La.5/3/13), 112 So.3d 851; State v. Sarrabea, 12-1013 (La. *413 App. 3 Cir. 5/1/13), — So.3d-, 2013 WL 1810228, writ granted, 13-1271 (La.6/26/13), 118 So.3d 428.
LAW AND ANALYSIS
For the reasons assigned this day in State v. Sarrabea, 13-1271 (La.10/15/13), 126 So.3d 453, 2013 WL 5788888, we find that despite its laudable goals, La. R.S. 14:100.13 is preempted by federal law. More particularly, we find that the decision of the Supreme Court in Arizona, supra, is both controlling and dispositive of the issue ^presented, and that following Arizona, we are constrained to hold that La. R.S. 14:100.13 operates in the field of alien registration and is, therefore, preempted by federal law under the Supremacy Clause of the U.S. Constitution. As a result, we find that the lower courts erred in denying the defendant’s motion to quash the bill of information.
DECREE
The judgments of the lower courts are reversed and set aside, and judgment is hereby rendered granting defendant’s motion to quash.
REVERSED.
VICTORY, Justice, dissents with reasons.
HUGHES, Justice, dissents with reasons.

. State v. Marquez, 13-0315 (La.5/3/13), 112 So.3d851.